**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**McDANIEL WEATHERSBY**                                **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 3:12CV95 CWR-LRA**

**VINCENT HORTON**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

McDaniel Weathersby filed a petition for writ of habeas corpus relief on February 10, 2012. Respondent Vincent Horton filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Weathersby was convicted by a jury of armed robbery (Counts I and II) and business burglary (Count III) in the First Judicial District of the Circuit Court of Hinds County, Mississippi. On February 10, 1999, he was sentenced to consecutive terms of 42 years imprisonment each on Counts I and II, and 7 years on Count III, all to be served consecutively. On August 15, 2000, the Mississippi Court of Appeals affirmed his conviction and sentence in *Weathersby v. State*, 769 So.2d 857 (Miss. Ct. App. 2000), *reh'g denied,* Oct. 24, 2000, *cert. denied,* Jan. 17, 2001. On May 22, 2001, Weathersby filed an application for leave to file a post-conviction motion to vacate his conviction and sentence. The Mississippi Supreme Court granted leave "as to the sentencing issue only" on May 28, 2002, and pursuant to that order, Weathersby filed a motion for post-

conviction collateral relief on June 12, 2002. On August 30, 2002, the trial court dismissed Weathersby's motion on the grounds that it was "not filed within the statutory time limits set forth in Miss. Code Ann. § 99-39-5(2) (Miss. 2000), as amended, and does not fall within one of the exceptions contained therein." [1]

On January 29, 2003, Weathersby filed a petition for writ of mandamus in the Mississippi Supreme Court asserting that the trial court had not ruled on his motion for post-conviction relief. In response, the trial court submitted a copy of its order denying the motion for post-conviction relief, and the Mississippi Supreme Court dismissed the petition for writ of mandamus as moot. On May 28, 2003, Weathersby filed a "Motion for Out of Time of Appeal" advising that he did not receive the trial court's order denying post-conviction relief until May 12, 2003; he requested additional time to appeal the denial. Although the record reflects that no order was ever entered on his motion, Respondent points out that the motion was improperly filed under state law, as it was filed more than 7 days after he reportedly received the order denying his motion for post-conviction relief, and more than 180 days after the order was entered. *See* M.R.A.P. 4(h);

---

[1] ECF Nos. 10-1 - 10-12. Miss. Code Ann. § 99-39-5(2) (Miss. 2000) provides in relevant part:

> (2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

2

*Edmond v. State*, 991 So.2d 588, 592 (Miss. 2008). Weathersby's petition for habeas relief was filed in this Court on February 10, 2012.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941,

3

944 (5th Cir. 1998). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Weathersby's conviction became final on April 17, 2001, 90 days after his petition for certiorari was denied by the Mississippi Supreme Court. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). Thus, to toll the statute of limitations, Weathersby was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before April 17, 2002. Because his application for leave to seek post-conviction relief was filed in the state supreme court on May 22, 2001, before the statute of limitations expired, he is entitled to statutory tolling from May 22, 2001 through August 30, 2002 (when the motion was dismissed), for a total of 465 days. His habeas petition was therefore due in

4

this court on July 28, 2003.² Weathersby's federal habeas petition filed on February 10, 2012, over eight years after the statute of limitations expired, is untimely.³

Weathersby has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *Holland*, 130 S.Ct. at 2562. None of AEDPA's other statutory exceptions are applicable. Although Weathersby cites 28 U.S.C.§ 2244 (d)(1)(C) in his petition for habeas relief, he has made no showing of a newly-recognized constitutional right to trigger this exception. In the absence of any evidence warranting statutory or equitable tolling, Weathersby's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party,

---

²The Court notes that the petition was actually due on Saturday, June 26, 2003, but extends the filing deadline until Monday, July 28, 2003.

³ Neither Weathersby's petition for writ of mandamus or motion for out-of-time appeal warrants tolling of the statute of limitations. Neither pleading constitutes a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Even if the Court were to toll the statute of limitations until May 12, 2003 – the date Weathersby advises he received the order denying his motion for post-conviction relief – it would not be enough to render his federal habeas petition timely. The Court notes further that Weathersby effectively abandoned his motion for out-of-time appeal. He failed to request a ruling from the trial court on this motion, and failed to seek a writ of mandamus from the state supreme court directing a ruling on same.

5

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 11th day of January 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE